IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA D.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security;<br><br>　　　　Defendant. | **8:21CV294**<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　Plaintiff protectively filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 26, 2018 (Tr. 15, 365-68, 371-72).[1] Plaintiff alleged she was disabled as of January 1, 2017, because of pancreatitis, weight loss, and anxiety (Tr. 365, 420, 457).

　　　After her applications were denied at the initial level on August 2, 2019 (Tr. 131-37), Plaintiff requested a hearing before an administrative law judge (ALJ) (Tr. 138-39). The hearing was held via telephone conference on September 3, 2020, with Plaintiff represented by counsel.[2] Testimony was received from two medical experts (MEs), Plaintiff, and a vocational expert (VE), in that order (Tr. 67-108).

　　　On March 2, 2021, the ALJ issued an unfavorable decision finding that although Plaintiff had a severe impairment of pancreatitis with weight loss, her diagnosed mental impairments of depression and anxiety were not severe and she was not disabled (Tr. 15-28).

　　　On June 4, 2021, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

---

[1] A certified Transcript ("Tr.") of the agency's administrative record in this case was filed on October 18, 2021. (See Filings 13, 14.)

[2] A telephonic hearing was conducted because of the COVID-19 pandemic.

On August 2, 2021 Plaintiff filed this civil action to challenge the ALJ's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3).[3] As set forth in Plaintiff's brief, three issues are presented for judicial review:

A. Whether remand is required where the Administrative Law Judge (ALJ) violated Agency policy by relying upon medical experts' testimony without them having heard Plaintiff's testimony or a summary of such testimony.

B. Whether remand is [*sic*] for an award of benefits is required based on the ALJ's own findings, which indicate that [Plaintiff] must be found disabled as of her fiftieth birthday pursuant to the medical-vocational guidelines set forth in 20 C.F.R. Part 404, Subpt. P, App. 2.

C. Whether remand is required because the appointment of Andrew Saul as a single commissioner of [the Social Security Administration ("SSA")] who was removable only for cause and would serve a longer term than that of the president violated separation of powers, which rendered the decision in this case by an ALJ and Appeals Council Judges who derived their authority from Mr. Saul constitutionally defective.

(Filing 21 at 1.)

For the reasons discussed below, the court finds the Commissioner's decision should be affirmed.

## I. DISCUSSION

The court may reverse the Commissioner's findings only if they are not supported by substantial evidence or result from an error of law. *Nash v. Comm'r,*

---

[3] The court's General Order No. 2015-05 requires the parties in Social Security cases to file cross-motions for judicial review, and provides that the case will be submitted to the court for decision on briefs, without oral argument. Accordingly, Plaintiff filed a motion for an order reversing the Commissioner's decision (Filing 20) and a supporting brief (Filing 21) on December 17, 1021; the Acting Commissioner then filed a motion for an order affirming the decision (Filing 28) and a supporting brief (Filing 29) on March 1, 2022; and, finally, Plaintiff filed a reply brief (Filing 30) on March 15, 2022. The matter is therefore ripe for review.

*Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...."). Under this standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is 'more than a mere scintilla.'" *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether evidence is substantial, the court considers evidence that both supports and detracts from the Commissioner's decision. If substantial evidence supports the Commissioner's conclusion, the court may not reverse merely because substantial evidence also supports the contrary outcome and even if the court would have reached a different conclusion. *Nash*, 907 F.3d at 1089. The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions of the Social Security Administration." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court "will disturb the ALJ's decision only if it falls outside the available zone of choice." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006)).

The Court must also determine whether the Commissioner's decision is based on legal error. *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011). Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Id.* (citing *Brueggemann v. Barnhart*, 348 F.3d 689, 692 (8th Cir. 2003); *Nettles v. Schweiker*, 714 F.2d 833, 836 (8th Cir. 1983)). No deference is owed to the Commissioner's legal conclusions. *Brueggemann*, 348 F.3d at 692 (stating allegations of legal error are reviewed de novo).

### A. Medical Expert's Testimony

The ALJ began Plaintiff's administrative hearing by taking testimony from two medical experts, Margaret Moore, Ph.D., and Stephen H. Anderson, M.D. (Tr. 74-83). Plaintiff contends that having the MEs testify without the benefit of hearing her own testimony was contrary to the procedure specified in the SSA's Hearings, Appeals, and Litigation Law Manual ("HALLEX "), which provides:

3

> The ME may attend the entire hearing, but this is not required. If the ME was not present to hear pertinent testimony, such as testimony regarding the claimant's current medications or sources and types of treatment, the ALJ will summarize the testimony for the ME on the record. If additional medical evidence is received at the hearing, the ALJ will provide it to the ME for review before the ME testifies.

HALLEX I-2-6-70(B), 1993 WL 751901 (S.S.A. June 16, 2016), also available online at https://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-70.html.

The Acting Commissioner argues the HALLEX guidelines do not have the force of law and are not binding on SSA. She also faults Plaintiff's attorney for not interposing an objection at the hearing.

Although not discussed by either party, in 2019 an Eighth Circuit panel rejected a plaintiff's suggestion that the ALJ erred by failing to follow a HALLEX requirement, stating, "Even if HALLEX did impose such requirement, it 'is not a regulation. It has no legal force, and it does not bind the SSA.'" *Dols v. Saul*, 931 F.3d 741, 749 7 n. 4 (8th Cir. 2019) (quoting *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981) (discussing SSA's Claims Manual, predecessor to the agency's Programs Operations Manual System ("POMS"))). The plaintiff in *Dols* argued that the ALJ should have given more weight to the opinion of his counselor than to the opinion of a non-examining psychologist in making a step-3 assessment of whether his impairments met or equaled a listed impairment. The majority of the Eight Circuit panel concluded the ALJ's decision, which gave great weight to the psychologist's opinion and no weight to the counselor's, was within the ALJ's available "zone of choice" because evidence supported the psychologist's opinion and contradicted the counselor's. *Id.*, at 749 (citing SSR 06-3p, 2006 WL 2329939, at *6). The plaintiff in *Dols* further argued that the ALJ should not have given the psychologist's opinion great weight because he testified he did not consider the counselor's testimony. According to the plaintiff, HALLEX required the testifying psychologist to have considered the counselor's testimony. *See id.* at 749, n. 4. This additional argument was disposed with the language quoted above, which is binding precedent. *See, e.g., Ferrario v. Kijakazi*, No. 4:20-CV-00638-SEP, 2021 WL 4399469, at *5 (E.D. Mo. Sept. 27, 2021) (stating that "the Eighth Circuit has clearly established that the HALLEX 'has no legal force' and 'does not bind the SSA.'") (quoting *Dols v. Saul*,

931 F.3d at 749 n. 4); *Spengemann v. Saul*, No. 4:19-CV-02423-JAR, 2020 WL 5801048, at *7 (E.D. Mo. Sept. 29, 2020) (same). Indeed, even before the *Dols* decision, the prevailing view among district courts in this circuit had been that HALLEX does not create judicially enforceable rights. *See Ericson v. Astrue*, No. 8:11CV432, 2012 WL 5286762, at *10 (D. Neb. Oct. 24, 2012) (Kopf, J.) (collecting cases).

Plaintiff argues that Social Security Ruling 13-2p requires a different result, as it provides: "We require adjudicators at all levels of administrative review to follow agency policy, as set out in the Commissioner's regulations, SSRs, Social Security Acquiescence Rulings (ARs), and other instructions, such as the Program Operations Manual System (POMS), Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX)." SSR 13-2p; Titles II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA), 2013 WL 621536, at *15 (S.S.A. Feb. 20, 2013). That ruling, however, became effective on March 22, 2013, more than 2 years before the administrative hearing which was involved in *Dols*.[4] Thus, even if SSR 13-2p might have some applicability to the instant case, which does not involve drug addiction or alcoholism, the *Dols* decision stands. *See, e.g., Lehman v. Saul*, No. 3:20-CV-0184-HRH, 2021 WL 1232670, at *10 (D. Alaska Apr. 1, 2021) ("Even after the promulgation of SSR 13-2p, the Ninth Circuit has plainly continued to take the position that the HALLEX does not create judicially enforceable duties.").

But even if HALLEX guidelines were legally binding, the provision Plaintiff relies upon did not confer upon her an absolute right to testify in advance of the medical experts. HALLEX I-2-6-70(B) only directs the ALJ, before the ME testifies, to summarize pertinent testimony the ME was not present to hear and to provide the ME with any additional medical evidence that was received at the hearing.[5] The

---

[4] The plaintiff in *Dols* applied for benefits in September 2013 and the hearing was held on August 11, 2015. *See Dols v. Berryhill*, No. 16-CV-3815 (TNL), 2018 WL 1094291, at *1 (D. Minn. Feb. 28, 2018), *aff'd sub nom. Dols v. Saul*, 931 F.3d 741 (8th Cir. 2019).

[5] Prior to June 16, 2016, HALLEX I-2-5-39 provided that "[t]he Medical Expert (ME) must be present during the entire hearing, unless the ME has a reasonable and compelling reason to be absent during part of the hearing and the

5

order of testimony at the administrative hearing the subject of another HALLEX provision, which states in relevant part:

> The ALJ determines the subject and scope of testimony from a claimant and any witness(es), as well as how and when the person testifies at the hearing….
>
> If a claimant or witness requests to testify in a particular way, or asks to testify at a particular time during the hearing, the ALJ will consider whether there is a good reason for the request….
>
> If the ALJ finds there is a good reason, the ALJ will make every reasonable effort to accommodate the person's request or objection. If the ALJ does not grant the request, the ALJ will either deny the request in writing before the hearing (and exhibit the document) or deny the request on the record during the hearing. In either circumstance, the ALJ will explain the reason(s) he or she denied the request.

HALLEX I-2-6-60(A), 1993 WL 751900 (S.S.A. June 16, 2016), also available online at https://www.ssa.gov/OP_Home/hallex/I-02/I-2-6-60.html. This guideline is reflective of the general rule that "[t]he administrative law judge may decide when the evidence will be presented and when the issues will be discussed." 20 C.F.R. §§ 404.944, 416.1444.

---

ALJ determines that such absence would not prevent the ALJ from conducting a full and fair inquiry into the matters at issue." This guideline also included a requirement, comparable to HALLEX I-2-6-70(B), that "[i]f the ME was not present during the opening statement or relevant testimony (e.g., treatment, etc.), the ALJ must, before the ME testifies, summarize the opening statement or relevant testimony on the record." The receipt of an ME's testimony prior to the plaintiff's testimony was held not to violate this guideline in *Wanda R. v. Comm'r of Soc. Sec.*, No. CV 20-12273 (SDW), 2022 WL 522796, at *3, 9-10 (D. N.J. Feb. 22, 2022).

 HALLEX I-2-5-39 was updated on June 16, 2016. The SSA "removed outdated instructions and information that were duplicative of HALLEX I-2-6-70, inserting instead a reference to those instructions. [The agency] also moved some of the information to HALLEX I-2-6-70 as the information was more appropriately placed in that section." Transmittal No. I-2-174 (S.S.A. June 16, 2016), available at https://www.ssa.gov/OP_Home/hallex/TS/tsi-2-174.html. Under HALLEX I-2-6-70(B), the ME is not required to attend the entire hearing.

Here, Plaintiff did not request to testify before the medical experts, or object to the experts testifying first. Her counsel stated at the outset of the hearing that Plaintiff had no objection to the medical experts testifying (Tr. 72),[6] and the only objections he made during the course of the hearing were when he objected to, and moved to strike Dr. Moore's testimony, after she estimated she had only spent a couple of hours reviewing the complete record, and when the ALJ cut off a similar line of questioning during his cross-examination of Dr. Anderson (Tr. 83-85). Plaintiff's counsel reiterated these objections in a post-hearing statement (Tr. 500) but at no time did he object to the order of testimony. Without such a request or objection having been made, the ALJ was not required by HALLEX I-2-6-60(A) to consider whether there was good reason for Plaintiff to testify first.[7]

In sum, there is no merit to Plaintiff's claim that it was error for the ALJ to rely upon the MEs' testimony simply because they did not hear Plaintiff testify. "It would be 'inappropriate to reverse and remand' where the ALJ acted in compliance with HALLEX I-2-6-60." *Dickinson v. Comm'r of Soc. Sec.*, No. 2:20-CV-1004, 2021 WL 81603, at *6 (S.D. Ohio Jan. 11, 2021), *report and recommendation adopted*, 2021 WL 3560574 (S.D. Ohio Aug. 12, 2021) (quoting *Tindall v. Berryhill*, No. 17-2204-TMP, 2019 WL 1261127, at *3 (W.D. Tenn. Mar. 19, 2019)).[8]

---

[6] HALLEX I-2-6-70(B) specifies that the ALJ must ask the ME to confirm his or her impartiality, expertise, and professional qualifications; verify the ME has examined all medical and other relevant evidence of record; ask the claimant and the representative whether they have any objections to the ME testifying; and rule on any objections. This procedure was followed here.

[7] The Acting Commissioner has not cited HALLEX I-2-6-60 or the general rules cited by the court regarding the ALJ's authority to determine when evidence will be presented or issues discussed, but instead relies on regulations which impose a duty upon attorneys to provide competent representation to claimants. *See* 20 C.F.R. 404.1740(b)(3)(i); § 416.1540(b)(3)(i). To be clear, the court is not implying that Plaintiff's counsel was incompetent in failing to request a different order of testimony or in failing to object to the MEs testifying first.

[8] In her reply brief, Plaintiff has presented evidence that the Appeals Council remanded a case to an ALJ in 2019 because, among other reasons, medical experts testified in advance of the claimant. (See Filing 30-1.) The Acting Commissioner is not precluded from taking a different position here.

7

B. Medical-Vocational Guidelines

The ALJ determined Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she can only "stand/walk (with normal breaks) up to 2 hours in an 8-hour workday, and sit (with normal breaks) for up to 6 hours in an 8-hour workday," and she has certain other limitations not at issue here. Plaintiff contends her inability to stand or walk for more than 2 hours in an 8-hour workday requires a finding that she is limited to performing sedentary work, which would render her disabled under the Medical-Vocational Guidelines (the "grid") beginning on the day before her fiftieth birthday. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1, Rule 201.14.

In this circuit, at least, "[a] two-hour standing [or walking] restriction is not an absolute bar to performing 'light work.'" *Schwandt v. Berryhill*, 926 F.3d 1004, 1013 (8th Cir. 2019) (citing *Fenton v. Apfel*, 149 F.3d 907, 911 (8th Cir. 1998)). The Court of Appeals has also made it clear that reliance upon the "grid" is not permitted when, as in this case, the claimant cannot perform the full range of light work. *Fenton*, 149 F.3d at 911 (holding ALJ properly relied upon VE testimony to find 49-year-old claimant was not disabled even though his inability to stand or walk for more than 2 hours total would eliminate up to 90% of the light work jobs).

Plaintiff argues that a finding of "not disabled" under these circumstances is inconsistent with Social Security Ruling 33-10, which states in part:

> The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs…. Relatively few unskilled light jobs are performed in a seated position.

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.

8

SSR 83-10; Titles II & XVI: Determining Capability to Do Other Work–the Med.-Vocational Rules of Appendix 2, 1983 WL 31251, at *5-6 (S.S.A. Jan. 1, 1983).

"Contrary to [Plaintiff's] assertion, there is nothing in SSR 83-10 or any other proffered authority that sets out a minimum walking or standing requirement to qualify for light work. SSR 83-10 specifically discusses the *maximum* standing and walking requirement per each exertional level of work." *Torres v. Berryhill*, No. CV 15-4416 (JRT/TNL), 2017 WL 1194198, at *3 (D. Minn. Mar. 30, 2017) (emphasis in original); *accord*, *Clifford v. Berryhill*, No. CV 16-5091-JLV, 2018 WL 1175416, at *7 (D.S.D. Mar. 6, 2018); *Cruey v. Berryhill*, No. 4:17-CV-02443-NCC, 2019 WL 931920, at *5 (E.D. Mo. Feb. 26, 2019); *Cain v. Berryhill*, No. 2:17-CV-00051-NCC, 2018 WL 4358258, at *4 (E.D. Mo. Sept. 13, 2018); *Arflack v. Saul*, No. 4:19-CV-2959 SRW, 2020 WL 7338589, at *7-8 (E.D. Mo. Dec. 14, 2020).

## C. Separation of Powers

Finally, Plaintiff makes an argument that both the ALJ's decision to deny benefits and the Appeals Council's decision not to review the ALJ's decision were constitutionally defective because the Commissioner of Social Security, who is appointed for a 6-year term, can only be removed from office for neglect of duty or malfeasance. *See* 42 U.S.C. § 902(a)(3). The Acting Commissioner does not dispute that the statute "violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause." (Filing 29 at 10.) *See* Constitutionality of the Comm'r of Soc. Sec.'s Tenure Prot., 2021 WL 2981542, at *11 (O.L.C. July 8, 2021) (opining "that the President may remove the SSA Commissioner at will," but "that disregarding the constitutionally unenforceable restriction on removal in 42 U.S.C. § 902(a)(3) would not affect the validity of the remainder of the statute").

In *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. *See Alice T. v. Kijakazi*, No. 8:21CV14, 2021 WL 5302141, at *18 (D. Neb. Nov. 15, 2021) (Kopf, J.). The Court in *Collins* reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the ... method of appointment" and that "the unlawfulness of [a] removal provision

9

does not strip [an official] of the power to undertake the other responsibilities of his office[.]" 141 S. Ct., at 1787, 1788 n. 23. "Although the statute unconstitutionally limited the President's authority to *remove* the [officials], there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the [agency] … as void." *Id.*, at 1787 (emphasis in original). Only a showing of "compensable harm" inflicted by the unconstitutional tenure provision will entitle a plaintiff to relief. *See id.*, at 1789.

The court takes judicial notice that Andrew Saul was the Commissioner of Social Security from June 17, 2019, until July 9, 2021, when he was removed from that position by President Biden and Kilolo Kijakazi became Acting Commissioner. Mr. Saul was Commissioner from the time when Plaintiff's applications were denied on initial review (August 2, 2019) through the date the Appeals Council declined to review the ALJ's decision (June 4, 2021).[9]

Essentially, Plaintiff would have the court find that any actions taken while Mr. Saul was the Commissioner of Social Security are void, as she argues:

> The government deprived this claimant of a valid administrative adjudicatory process. Under 42 U.S.C. § 405(b)(1), only the Commissioner of SSA can make findings of fact and issue final decisions as to benefits eligibility. See also 42 U.S.C. § 902. The ALJ's delegation of authority in this case came from Mr. Saul and is therefore constitutionally defective. See HALLEX I-2-0-2(A) (explaining that an ALJ's authority to hear and decide a case is delegated from the Commissioner of SSA). Similarly, the ALJ decided this case under regulations and policies promulgated by Mr. Saul when Mr. Saul had no constitutional authority to issue those rules. All of this is just as true with respect to SSA's Appeals Council judges. The Constitution was violated and a presumptively inaccurate legal standard was utilized to adjudicate this disability claim at the administrative level.

---

[9] Adverse actions taken during the Biden administration were the issuance of the ALJ's decision on March 2, 2021, and the Appeals Council's denial of review. Plaintiff states in her reply brief, however, that she "will not pursue the Appeals Council issue any further because the Council declined review after President Biden took office [on January 20, 2021]." (Filing 30 at 8.)

10

(Filing 21 at 15-16.) Plaintiff further states, "The point is that Mr. Saul had no constitutionally valid authority to delegate to this ALJ because President Biden would have fired Saul absent the unconstitutional statutory removal provision in this case." (Filing 30 at 9.)

As Plaintiff herself points out, however, her constitutional claim "is not an Appointments Clause challenge" where the Commissioner's authority make claim determinations or to set agency policy would be at issue. (Filing 30 at 7.) Plaintiff's "lack of authority" argument is foreclosed by the Supreme Court's decision *Collins*, in which, "[a]s the majority explains, the officers heading the FHFA, unlike those with invalid appointments, possessed the 'authority to carry out the functions of the office.'" 141 S. Ct. at 1801 (Kagan, J., concurring). Quite simply, Plaintiff does not allege, and has made no showing, that "the President's inability to fire [Mr. Saul] affected the complained-of decision." *Id.*

## II. CONCLUSION

The court finds the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for an Order Reversing the Commissioner's Decision (Filing 20) is denied.

2. Defendant's Motion for an Order Affirming the Commissioner's Decision (Filing 28) is granted.

3. Judgment shall be entered by separate document.

Dated this 30th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge